UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

PETER DI NICOLA,

                 Plaintiff,

-against-

MICHAEL CHERTOFF,
Secretary of Department of Homeland Security,

                 Defendant.

----------------------------------------------------------X

REPORT AND RECOMMENDATION
05-CV-4968 (SJF)(LB)

**BLOOM, United States Magistrate Judge:**

Plaintiff brings this *pro se* action alleging defendant discriminated against him in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* ("ADEA"). Defendant moves to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Honorable Sandra J. Feuerstein, United States District Judge, referred defendant's motion for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the following reasons, it is respectfully recommended that defendant's motion should be granted and plaintiff's complaint should be dismissed.

## BACKGROUND

### 1. Facts

Plaintiff alleges that defendant discriminated against him based on his age by "failing to hire" him, subjecting him to "unequal terms and conditions of employment," retaliating against him and treating him unequally "during the interview process and hiring process." Plaintiff's Complaint ("Compl.") at 3, ¶ 4.

On April 20, 2004, plaintiff attended a "structured interview examination" for an entry-level criminal investigator position with the New York Office of Investigations of the Immigration and Customs Enforcement Division of the Department of Homeland Security ("DHS"). Compl at 4, ¶ 8; Report of EEO Counseling (DHS), at 4-5, attached to Complaint (hereinafter "EEO Report").[1] This was not plaintiff's first interview for the position; plaintiff had participated in the same interview process in September of 2002, but did not pass the examination. The agency informed plaintiff at that time that he would be eligible to retake the interview examination a year later. Id. In October of 2003, plaintiff began to contact the defendant's office to schedule another interview. An interview was scheduled for April 20, 2004. This date, however, presented a problem for plaintiff because DHS regulations require that all interviewees for the position be younger than thirty-seven (37) years old, and plaintiff had just celebrated his 37th birthday four days before the scheduled interview. Compl. at 4, ¶ 8; EEO Report at 4. Nevertheless, the hiring agent who scheduled the interview informed plaintiff that this would not be a problem because the agency looks at the date on which his "name was pulled from the certificate, which was three weeks prior." Compl. at 4, ¶ 8.

When plaintiff arrived for the interview, he was informed that he did not meet the age requirement and that his interview had been cancelled. Plaintiff complained and relayed what the scheduling agent had told him regarding his eligibility, which set off a series of phone calls between the New York office and the agency's Twin Cities hiring center in an attempt to resolve the matter. Id. Ultimately, plaintiff's interview proceeded about an hour and 45 minutes after the

---

[1] An attachment to the complaint, which is incorporated by reference, is properly considered on a 12(b)(6) motion. Brass v. American Film Technologies Inc., 987 F.2d 142, 150 (2d Cir. 1993)(allowing review of documents attached to the complaint or incorporated by reference on a motion to dismiss).

originally scheduled time, but plaintiff failed the interview after scoring unsatisfactorily on the judgment/decision-making competency section of the examination. Id. at 5, ¶ 8.

Plaintiff claims that his poor performance on the interview examination was the result of the circumstances leading up to the interview and that the interview panel prejudged him to be unqualified based solely on his age and not on his performance or competency. Id. His complaint states that he was not treated the same way as other applicants and that he was never given an "honest opportunity" to properly apply for the position. Id.

**2. Procedural History**

In late June or early July of 2004, the defendant's human resources department sent plaintiff a letter apologizing for the confusion that occurred at the interview, but denying his request for a formal inquiry into the scoring of his interview. Letters of Patricia Harris, dated 6/25/04 and 7/9/04, attached to Complaint. On July 19, 2004, plaintiff filed a complaint with the DHS Office of Equal Employment Opportunity, which was not resolved. EEO Report at 5.

Plaintiff then filed a formal complaint on September 30, 2004 with the Equal Employment Opportunity Commission's Office of Federal Operations ("OFO"), alleging defendant discriminated against him on the basis of age and retaliation. Compl. at 8. The OFO referred the matter to DHS. On March 30, 2005, DHS rendered a Final Agency Decision, dismissing the complaint under 29 C.F.R. § 1614.107(a)(1) for failure to state a claim. Id. at 8. The decision found that because plaintiff was 37 years old at the time of the alleged event, he was not a member of a protected class under the ADEA. Id. at 8-9. Plaintiff appealed the decision to the OFO, which affirmed the dismissal on July 26, 2005. Id. at 9.

On October 18, 2005 plaintiff filed the present *pro se* action. On July 13, 2006, defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff did not oppose the motion.

## DISCUSSION

### 1. Standard of Review

A motion to dismiss for failure to state a claim under Fed. R.Civ. P. 12(b)(6) should be granted where "it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Cooper v. Parksy, 140 F.3d 433, 440 (2d Cir. 1998). The Court must accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See Koppel v. 4987 Corp., 167 F.3d 125, 128 (2d Cir. 1999). The Court may only "assess the legal feasibility of the complaint, not ... assay the weight of the evidence which might be offered in support thereof." Levitt v. Bear Stearns & Co., 340 F.3d 94, 101 (2d Cir. 2003) (internal citation omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995).

In its consideration of the motion, the Court may review "documents attached to the complaint as an exhibit or incorporated in it by reference, ... matters of which judicial notice may be taken, or ... documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002)(quoting Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993)).

Finally, "[w]here the non-moving party is proceeding *pro se*, the court must interpret that party's supporting papers liberally, that is, interpret them 'to raise the strongest possible

4

arguments that they suggest.'" Forsyth v. Fed'n Empl. & Guidance Serv., 409 F.3d 565, 569 (2d Cir. 2005) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

**2. Plaintiff's Age Discrimination Claim**

Plaintiff's age discrimination claim should be dismissed because he was 37 years old at the time of the events alleged and therefore, he was not a member of the class of individuals protected under the ADEA. Under the ADEA, it is "unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual ... because of such individual's age;" 29 U.S.C. § 623(a)(1). The ADEA protects workers who are over the age of forty. 29 U.S.C. § 631(a); General Dynamics Land Systems, Inc. v. Cline, 540 U.S. 581, 590 (2004); Feldman v. Nassau County, 434 F.3d 177, 180 (2d Cir. 2006); Epter v. New York City Transit Authority, 127 F.Supp.2d 384, 387 (E.D.N.Y. 2001).

As plaintiff himself notes in the complaint, his birthday is April 14, 1967, making him 37 years old at the time of the alleged discrimination on April 20, 2004. Compl. at 3, ¶ 7. Because plaintiff was younger than forty years old at that time, he was not within the class of workers protected under the ADEA against age discrimination in employment. To survive a motion to dismiss, a plaintiff claiming employment discrimination need only meet the liberal pleading standard set forth in Fed. R. Civ. P. 8(a), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002). However, "'[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Id. at 514 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). The present complaint fails because plaintiff was not within the class of workers protected under the ADEA and thus, he

5

cannot state an ADEA claim. His age discrimination claim should therefore be dismissed for failure to state a claim upon which relief can be granted. See Castro v. Metropolitan Transp. Authority, No. 05 Civ. 6467, 2006 WL 2597848 at *1 n.2 (S.D.N.Y. Sept. 11, 2006) (plaintiff, who was thirty-eight, failed to state a claim under the ADEA); Crane v. Schneider, 635 F.Supp.1430 (E.D.N.Y. 1986) (Suffolk County's rule barring individuals over the age of thirty-six from becoming deputy sheriffs did not violate the ADEA).

### 3. Plaintiff's Retaliation Claim

Plaintiff filed the instant complaint on a form provided by the Clerk's Office. Page three of the form complaint includes a check-off list for the plaintiff to set forth the alleged discriminatory conduct of the defendant. In addition to alleging failure to hire and unequal terms and conditions of employment, as discussed above, plaintiff checked off "Retaliation" and alleges "unequal interview/retaliation during interview process and hiring process." Compl. at 3.

Though plaintiff has not provided a precise explanation of his retaliation claim, the Court construes his statements to allege that defendant denied him the job after plaintiff complained about defendant's attempt to cancel the interview because he was 37 years old. After being informed by the New York staff that he would not be offered an interview, plaintiff, while still in the New York office, called a woman named Laurie at the agency's hiring center. She told plaintiff that she would make a call on his behalf and grant the interview. Compl. at 5, ¶ 8. Plaintiff then waited for approximately an hour, during which time he was asked a number of questions by the staff regarding his birthday and other dates. Id. Later, when a second individual informed plaintiff that he would definitely not sit for the interview, plaintiff again phoned Laurie to complain. Id. at 6. Plaintiff notes that the staff "reluctantly" granted the

interview, but claims that the delays and other stress that defendant forced him to endure affected his performance on the examination, and that the interview staff "already deemed [him] ineligible prior to [the] interview." Id.

The ADEA prohibits retaliation against any employee or applicant for employment who opposes any practice by an employer made unlawful by the statute. 29 U.S.C. § 623(d). To establish a retaliation claim under the ADEA, plaintiff must show that: 1) he engaged in an activity protected by the ADEA; 2) the employer was aware of the activity; 3) the employer took action adverse to the plaintiff; and 4) there is a causal connection between the protected activity and the adverse action. Sarno v. Douglas Elliman-Gibbons & Ives, Inc., 183 F.3d 155 (2d Cir.1999). Protected activity includes opposing or charging unlawful practices, or participating in any manner in the investigation, proceedings or litigation of an ADEA claim. 29 U.S.C. § 623(d). A plaintiff's opposition to an employment discrimination violation need not rise to the level of a formal complaint for it to be protected under retaliation provisions. See Cruz v. Coach Stores, Inc., 202 F.3d 560, 566 (2d Cir. 2000).

In order to satisfy the "protected activity" element of retaliation, plaintiff need not show that the alleged activity which the plaintiff opposed actually violates the ADEA. Rather, plaintiff must simply "have had a good faith, reasonable belief that he was opposing an employment practice made unlawful by Title VII [or the ADEA]." Kessler v. Westchester County Dept. of Social Services, 461 F.3d 199, 210 (2d. Cir. 2006) (alteration in original)(citing McMenemy v. City of Rochester, 241 F.3d 279, 285 (2d Cir.2001)).

The Circuit first established the standard of "good faith, reasonable belief" in Manoharan v. Columbia Univ. College of Physicians & Surgeons, 842 F.2d 590 (2d Cir. 1988), a Title VII termination case where the plaintiff complained to his employer that they had not afforded

7

applicants' race enough weight during the hiring process for a particular position. Id. at 594. The Circuit held that plaintiff's complaints did not constitute protected activity for reasons that are particularly relevant to the present case. The Manoharan decision characterized plaintiff's complaint as criticizing defendant for not faithfully following its own voluntary affirmative action program, and because section 704(j) of Title VII specifically states that affirmative action programs are not required, this Circuit held that a failure to follow such a program alone did not constitute an unlawful employment practice. Id. The retaliatory provisions of both Title VII and ADEA require that the protected activity include some form of opposition to acts *made unlawful by their respective statutes*. (Emphasis supplied); 29 U.S.C. § 623(d); Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). Because the complaints were directed at action that was not "properly within the definition of an 'unlawful employment practice,'" they were not considered protected activity for the purposes of a retaliation claim. 842 F.2d at 594. Therefore, plaintiff implicitly failed to establish a good faith, reasonable belief that the activity complained of constituted an unlawful employment practice. Id. at 593-94.

In subsequent cases on the issue of "good faith, reasonable belief," this Circuit has found in several instances that plaintiffs did possess the necessary state of mind for their complaints to be considered protected activity. McMenemy v. City of Rochester, 241 F.3d 279 (2d Cir. 2001) (holding that plaintiff's belief that defendant's sexual harassment violated Title VII was reasonable); Quinn v. Green Tree Credit Corp., 159 F.3d 759, 769 (2d Cir. 1998) (finding that by consulting with the New York Division of Human Rights about her discrimination claim, plaintiff established a sound basis for a reasonable and good-faith belief that her employer's sexual harassment violated Title VII); Reed v. A.W. Lawrence & Co., Inc., 95 F.3d 1170, 1179 (2d Cir. 1996) (finding that a jury reasonably concluded that plaintiff reasonably and in good

8

faith believed that she worked in a "hostile work environment" and that such conditions violated Title VII). However, in all the cases where this Circuit found plaintiffs had a good faith and reasonable belief, the activity complained of, if proved, would have constituted an unlawful employment activity.

By contrast, in Wimmer v. Suffolk County Police Dep't, 176 F.3d 125 (2d Cir. 1999), this Circuit held that plaintiff did not have a good faith and reasonable belief because the underlying practice was not, as a matter of law, an unlawful employment activity. Id. at 135-36. In Wimmer, plaintiff claimed that he was terminated because he made complaints about the racial slurs that fellow police officers made to black citizens and because he questioned the legality of a fellow officer's traffic stop of a minority driver. Id. at 134-35. Because these racially discriminatory acts were not directed at plaintiff or any other employee, they were not considered a form of *employment* discrimination. Id. at 135. Therefore, even if plaintiff could have proven that the acts occurred, he could not have formed a good faith, reasonable belief that these acts were an unlawful employment activity under Title VII. Id. at 136.

Turning to the present case, though it is clear that defendant engaged in the activity that plaintiff first complained of, denying him an employment interview based solely on his age, it is equally clear that this activity is not unlawful under the ADEA. As discussed above, plaintiff was not within the class of individuals protected by the act. Therefore, even though plaintiff need not prevail on the underlying age discrimination in employment claim in order to move forward with his retaliation claim, he cannot demonstrate the requisite good faith and reasonable belief that his complaints regarding defendant's cancelling of his interview because of his age was an unlawful employment activity under the ADEA. Plaintiff's complaint, therefore, fails to

allege that he engaged in a protected activity and as a result, plaintiff fails to state a claim of retaliation under the ADEA.

As plaintiff was not a member of the class of workers protected by the ADEA and plaintiff has not alleged any basis for the underlying discrimination beyond his age, both his complaint of discrimination and retaliation under the ADEA should be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

Accordingly, it is respectfully recommended that the Court should grant defendant's motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The Clerk of Court should be directed to enter judgment for defendant and to close this case. Furthermore, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that permission to proceed *in forma pauperis* on appeal should be denied, as there is no good-faith basis for an appeal. Coppedge v. United States, 369 U.S. 438 (1962).

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

Lois Bloom
United States Magistrate Judge

Dated: April 30, 2007
       Brooklyn, New York